**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| BRANDON TORRES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:18-cv-1505 |
| v. | ) | |
| | ) | |
| CITY OF ARCOLA, A General Law Municipality, | ) | |
| FLORENCE A. JACKSON, GREG ABARR, | ) | |
| ROSIE ROJAS, EVELYN JONES AND | ) | |
| GLENN SANCO, Individually and in their Official | ) | |
| Capacities as City Council Members, | ) | |
| JAMES L. DOUGHERTY, JR Individually and in | ) | |
| his Official Capacity as City Attorney, | ) | |
| | ) | |
| Defendants. | ) | |

---

**ORIGINAL COMPLAINT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiff BRANDON TORRES and brings this action against the CITY OF ARCOLA ("City" or "Defendant"), City Council members FLORENCE JACKSON, GREGG ABARR, ROSIE ROJAS, and EVELYN JONES GLENN SANCO (Collectively "Council Members" or "Defendants") and the City Attorney, JAMES DOUGHERTY, JR. ("Defendant") in their individual and official capacities, and, in support, respectfully shows the Court as follows:

## I.   NATURE OF RELIEF SOUGHT

This action is brought by Plaintiff pursuant to pursuant to 42 U.S.C. §1981, 42 U.S.C. §1983 and the First and Fourteenth Amendment to the United States Constitution, in order to

recover damages against the Defendants for denial of Plaintiff's equal protection rights and violation of Plaintiff's First Amendment right to free speech.   Plaintiff Torres suffered retaliation when he was fired from his job as Chief of Police after raising public safety concerns about black mold and its dangers in the city hall building. This firing was retaliation for the exercise of his free speech rights under the First Amendment to the United States Constitution. The Plaintiff also seeks relief pursuant to 42 U.S.C. §1983, in that the Defendants while acting under the color of law committed the unlawful practices complained of herein.   This is also an action for declaratory judgment pursuant to 28 U.S.C. §2201 to declare the rights and other legal relations between the parties.   The Plaintiff also seeks equitable relief and injunctive relief.

## II.   JURISDICTION AND VENUE

1.   Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§1331, 1343 and 1367 which governs state law claims.   Jurisdiction is specifically conferred on this Court by 42 U.S.C. §1981 and 42 U.S.C. §1983.

2.   The unlawful acts alleged to have been committed against the Plaintiff were committed in the State of Texas, and in Fort Bend County, Texas.

## III.   PARTIES

3.   Plaintiff, Brandon Torres is a citizen of the United States and resides at 1030 Forest Haven Court, Conroe Texas 77384.   He was hired as the Chief of Police for the City of Arcola on December 19, 2017.

4.   Defendant City of Arcola may be served through its City Attorney.   City Attorney James L. Dougherty, Jr. has his usual business address for purposes of service of process at 12 Greenway Plaza, Suite 1100, Houston, TX 77046. The Defendant City of Arcola is a

general law municipality incorporated into Fort Bend County in 1981.

5.    Defendant Florence Jackson is a city council member and Mayor Pro Tem. She may be served through the City Attorney or wherever she may be found.

6.    Defendant Gregg Abarr is a city council member and may be served through the City Attorney or wherever he may be found.

7.    Defendant Rosie Rojas is a city council member and may be served through the City Attorney or wherever she may be found.

8.    Defendant Evelyn Jones is a city council member and may be served through the City Attorney or wherever she may be found.

9.    Defendant Glenn Sanco is a city council member and may be served through the City Attorney or wherever he may be found.

10.   Defendant James L. Dougherty, Jr is currently the City Attorney of Arcola, and may be served process at 12 Greenway Plaza, Suite 1100, Houston, TX 77046.

11.   At all times relevant hereto, the Defendants acted under color of law, and deliberately, intentionally, maliciously and in deliberate disregard of the Plaintiff's right to be free from retaliation, and in deliberate disregard of rights secured him under the Constitution of the United States and the Texas Constitution.

## IV.    FACTUAL ALLEGATIONS

12.   The City Council of Arcola unanimously voted Plaintiff in as City Chief of Police on or about December 19, 2017.

13.   Plaintiff was to report to the police department located in City Hall. City Hall also houses the Mayor's office, City Secretary, City Maintenance and the Municipal Court.

14.  On January 8th, 2018 when Plaintiff arrived at the office for his first day of work, he began to experience an allergic reaction. His skin and eyes became itchy, his eyes became watery and he started to get congested.

15.  Plaintiff immediately purchased a large air purifier, cleaning supplies and air freshener. Once back in the office Plaintiff informed Mayor Anderson that he believed he was having an allergic reaction to something in the building. Mayor Anderson, who also had an office in the building, responded by stating the building was old.

16.  After giving the police department a thorough cleaning and utilizing the air purifier Plaintiff continued to have allergic reactions when coming into the office. Plaintiff continued to state his concerns regarding the building to Mayor Anderson.

17.  After continued complaints about his allergic reactions in the building, Mayor Anderson reported to him that there was possible mold in the building.

18.  Plaintiff was then informed by a police officer that water entered the building during Hurricane Harvey in 2017, and the only maintenance that was done was mopping up the remaining water.

19.  During the City Council meeting on or about January 2018, the City Administrator informed City Council that there was possible mold in the building, and that they needed to start getting tests done to discover the type of mold because staff was getting sick in City Hall.

20.  Plaintiff noticed that as time passed his allergic reactions began to intensify, and he started to experience new symptoms like a sore throat, and constant migraines.

21.  On or about February 2018 during the City Council meeting the City Administrator read

4

the report from the air quality test identifying black mold in the building, along with high levels of mold spores.   There was no action or vote by the council members to address the presence of the biohazards.

22.    On or about March 12, 2018 Plaintiff sought medical treatment. After examination, Plaintiff's doctor wrote a letter indicating Plaintiff was extremely affected by the mold, and needed to avoid any exposure.

23.    On or about March 2018, during the City Council meeting, citizens of the City of Arcola strongly expressed the safety concerns and hazards that everyone was exposed to as they remained in and visited City Hall to do business with the City. Again there was no action or vote by the council members to address the presence of the biohazards.

24.    On or about March 30, 2018, News Channel 2 interviewed Plaintiff about the black mold in City Hall. Plaintiff reported that he and his officers were getting sick in the building, and that the problem was making it difficult to their jobs, to arrest individuals, and even store evidence.   The news piece was aired as an exclusive investigative report.

25.    Due to Plaintiff's observations of officers under his supervision getting extremely sick Plaintiff instructed his staff to stay out of the building due to the biohazards. Plaintiff made arrangements for the officers to work remotely.   However, Plaintiff had serious concerns about how the police department would perform without the ability to work in the building.

26.    During this time Plaintiff learned that various city employees were seeking medical care and worker's compensation claims for their exposure and medical conditions due to the biohazards in City Hall.

27. Plaintiff suggested that a notice be placed on the building warning the general public of the biohazards in City Hall.   Defendant Dougherty rejected this suggestion and prohibited any notice.

28. Soon after his decision to keep staff out of the building, Plaintiff learned that City Council was not happy about his decision and wanted to get rid of him.

29. During a special council meeting, members were informed that Plaintiff had sought legal advice about the unsafe working conditions. Plaintiff was then added to the next meeting's agenda so that the council could vote him out and terminate his employment in retaliation.

30. On or about April 5, 2018 Defendant city council member Evelyn Jones sent a group text message to all council members requesting that Plaintiff be placed on the agenda so they could vote him out.

31. In an act of blatant retaliation, on or about April 10, 2018 Plaintiff was terminated by City Council without notice and without a hearing. Defendant council members all voted and Defendant Dougherty facilitated the vote to discharge the Plaintiff.

32. Plaintiff thereafter requested a hearing to clear his name.   On or about May 8, 2018 Plaintiff was on the city council meeting agenda, however, Plaintiff's name was not cleared. All Defendants were in attendance at this meeting.

33. Plaintiff was fired because he spoke out about the black mold problem and condition of City Hall, the problems the biohazards were causing for the operation of the police department, and its dangers to staff and the public on the news and to others.

## V.    PLAINTIFF'S 42 U.S.C. §1981 CLAIM

34. The plaintiff incorporates by reference the allegations contained in Paragraphs 1 through

33 of this complaint.

35.    The acts and failures to act of the Defendants, individually and jointly, deprived the Plaintiff of his right to make and enforce his contract of employment with Defendant City of Arcola.

36.    The acts and failures to act of Defendants, as described herein, violated the Plaintiff's rights as guaranteed him by 42 U. S. C. §1981.

37.    As a direct and proximate result thereof, the Plaintiff was injured as described herein.

38.    The plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 54 of this complaint.

  **WHEREFORE**, the Plaintiff demands judgment in his favor against the Defendants, individually and jointly, in an amount in excess of One Hundred Thousand Dollars, and for attorneys fees as allowed under 42 U. S. C. §1988.

### VI.    PLAINTIFF'S 42 U.S.C. §1983 CLAIM
### (14th Amendment, Due Process)

39.    The plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 38 of this complaint.

40.    Plaintiff alleges further that because such illegal acts alleged herein have gone uncorrected, they constitute continued unlawful act(s) included but not limited to failure to afford Plaintiff due process of law affecting his termination; and that the termination of the Plaintiff was in complete violation of law as afforded by the ordinances and regulations of the City of Arcola, and under law as it has been established in the state of Texas.

41.    Defendants, under color of law, intentionally and with complete and deliberate

indifference to Plaintiff's rights, caused him to be deprived of his constitutional and federal rights as guaranteed him under the Fourteenth Amendment to the United States Constitution, by failing to give the Plaintiff notice, and a fair and impartial hearing.

42.     As a direct and proximate result thereof, the Plaintiff was further injured as described herein.

   *WHEREFORE*, the Plaintiff demands judgment in his favor and against the Defendants, individually and jointly, in an amount in excess of One Hundred Thousand Dollars, and for attorneys fees as allowed under 42 U. S. C. §1988.

## VII.   PLAINTIFF'S 42 U.S.C. §1983 CLAIM
(14th Amendment, Equal Protection)

43.     The Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 42 of this complaint.

44.     The acts and failures to act of the Defendants, individually and jointly, as described herein, were intended to and did deprive the Plaintiff of the equal protection of the laws as guaranteed him by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Texas.

45.     The acts and failures to act of the Defendants, individually and jointly, were proscribed by 42 U. S. C. §1983.

46.     As a direct and proximate result thereof, the Plaintiff was further injured as described herein.

   *WHEREFORE*, the Plaintiff demands judgment in his favor and against the Defendants, individually and jointly, in an amount in excess on One Hundred Thousand Dollars, and for attorneys fees as allowed under 42 U. S. C. §1988.

## VIII.    PLAINTIFF'S 42 U.S.C. § 1985(2) CLAIM
### (14th Amendment)

47.    The plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 46 of this complaint.

48.    The agreement and conspiracy of Defendants Jackson, Abarr, Rojas, Jones, Sanco and Dougherty, Jr. and their acts and failures to act in furtherance thereof, were intended to deprive the Plaintiff of the equal protection of the law, and constituted an impermissible conspiracy designed to deprive the Plaintiffs of rights insured him under the United States Constitution as proscribed by 42 U. S. C. §1985(2).

49.    As a direct and proximate cause of the defendants' acts and failures to act, the Plaintiff was injured as described herein.

**WHEREFORE**, the Plaintiff demands judgment in his favor and against the Defendants, individually and jointly, in an amount in excess of One Hundred Thousand Dollars, and for attorneys fees as allowed under 42 U. S. C. §1988.

## IX.    PLAINTIFF'S 42 U.S.C. SECTION 1986 CLAIM

50.    The plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 49 of this complaint.

51.    At all times relevant hereto, Defendant Dougherty knew of the conspiracy and conspiratorial acts and failures to act of Defendants Jackson, Abarr, Rojas, Jones, and Sanco, and of their joint intent to violate the Plaintiff's civil rights.

52.    Despite knowing of said Defendants' conspiracy and conspiratorial acts intended to violate the Plaintiff's civil rights, Defendant Dougherty stood by and did nothing, and took no acts to prevent such violation when he had the power, authority responsibility and duty

to do so.

53. Defendant Dougherty's acts and failures to act were proscribed by 42 U. S. C. §1986.

54. As a direct and proximate result of Defendant Dougherty's acts and failures to act, the Plaintiff was injured as described herein.

   **WHEREFORE**, the Plaintiff demands judgment in his favor and against Defendant Dougherty in an amount in excess of One Hundred Thousand Dollars, and for attorneys fees as allowed under 42 U. S. C. §1988.

## X.   PLAINTIFF'S 42 U.S.C. §1983 CLAIM
### (1st Amendment, Free Speech)

55. The plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 54 of this complaint.

56. The acts and failures to act of the Defendants, individually and jointly, as described herein, were intended to and did deprive the Plaintiff of his right to free speech as guaranteed him by the First Amendment to the United States Constitution.

57. The acts and failures to act of the Defendants, individually and jointly, were proscribed by 42 U. S. C. §1983.

58. As a direct and proximate result thereof, the Plaintiff was further injured as described herein.

   **WHEREFORE**, the Plaintiff demands judgment in his favor and against the Defendants, individually and jointly, in an amount in excess on One Hundred Thousand Dollars, and for attorneys fees as allowed under 42 U. S. C. §1988.

   **FURTHERMORE**, and in further consideration of the above, Plaintiff prays that the court grant the following relief to Plaintiff:

A.      A declaration pursuant to 28 U.S.C. Section 2201 and 2202 that the actions of the City of Arcola violated 42 U.S.C. 1983 in its termination of the Plaintiff under the Fourteenth Amendment to the United States Constitution facially and as applied to the Plaintiff.

B.      That Plaintiff is returned to his position of Chief of Police of the City of Arcola with full back pay and compensatory damages under Section 1983.

C.      That judgment is entered in favor of the Plaintiff against all Defendants for punitive damages.

D.      That Plaintiff is awarded pre-judgment interest on all awards herein.

E.      That Plaintiff be awarded any such further equitable relief to which he may be entitled and deemed by this court appropriate, including injunctive orders, damages, costs and reasonable attorney's fees together with costs and disbursements.

Respectfully submitted,


By:     */s/ LaShawn A. Williams*
        LASHAWN A. WILLIAMS
        Texas State Bar No. 00795721
        Baldwin Williams & Associates, PLLC
        2411 Emancipation, Suite 202
        Houston, Texas 77004
        Telephone: (713) 664-6800
        Facsimile: (281) 404-9021
        lwilliams@baldwinwilliams.com
        *Counsel for Plaintiff*